UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

**STEVEN LOJEK**, an individual,

Plaintiff

v.

**HENAN OCEAN POWER HOUSEWARES CO., LTD.**, a foreign company;
**HENAN DONGZHI VALUE TRADING CO., LTD.**, a foreign company;
**et al.**,

Defendants

2:25-cv-02449-SKV
No. (To be assigned by the Clerk)

COMPLAINT FOR PATENT INFRINGEMENT AND REQUEST FOR INJUNCTIVE RELIEF

## I. INTRODUCTION

1. This is an action for patent infringement under **35 U.S.C. § 271** arising from Defendants' manufacture, importation, offer for sale, and/or sale of products that infringe **U.S. Patent No. 9,468,791 B2 ("the '791 Patent"; Exhibit A)**, which covers Plaintiff's patented **Performance Pin®** weight-stack selector device.



STEVEN LOJEK,
PLAINTIFF, PRO SE
FLEMINGTON, 08823 NJ 1-908-586-9397

2. Defendants manufacture, supply, and/or sell an infringing hinge-style weight-stack pin through **Amazon.com** and **Alibaba.com**. Their products practice every limitation of at least Claim 1 of the '791 Patent.

## II. PARTIES

3. Plaintiff **STEVEN LOJEK**, an individual residing in New Jersey, USA, is the sole owner and assignee of all rights, title, and interest in the '791 Patent.

4. Defendant **HENAN OCEAN POWER HOUSEWARES CO., LTD.** is a foreign corporation located in the People's Republic of China that manufactures, supplies, and sells the infringing product on Alibaba.com and to U.S. Amazon.com sellers (**Exhibits B at 1, I at 2, J at 9, K at 1-6; Sealed Versions where applicable**).

5. Defendant **HENAN DONGZHI VALUE TRADING CO., LTD. (a.k.a HENAN DONGZHIJIAN TRADING CO., LTD.**) is a foreign corporation located in the People's Republic of China that sells the infringing product on **Amazon.com** and fulfills orders via Amazon warehouses in the United States (**Exhibits B at 2, I at 1, J at 1-2; Sealed Version where applicable**).

6. Additional Defendants are foreign corporations located in the People's Republic of China that likewise manufacture, supply, and/or sell the infringing product through **Amazon.com** and/or **Alibaba.com** (**Exhibits B, I-J; Sealed Version where applicable**). Each Defendant is part of the same supply chain and collectively participates in placing the infringing product into U.S. commerce. These named Defendants include:

    a. **FUGU COUNTY NORTHWEST STAR TRADING CO., LTD. (a.k.a. FUGU NORTHWEST STAR TRADING CO., LTD.);**



STEVEN LOJEK,
PLAINTIFF, PRO SE
FLEMINGTON, 08823 NJ 1-908-586-9397

b. **FUGU COUNTY YONGLE GRAIN & OIL PURCHASING AND MARKETING CO., LTD. (a.k.a. FUGU YONGLE TRADE CO., LTD.);**

c. **SHANGHAI KANGKEDUO SPORTS GOODS CO., LTD. (a.k.a. SHANGHAI CONQUEROR SPORTS PRODUCTS CO., LTD.);**

d. **YIWU WEIHE SPORTS GOODS CO., LTD. (a.k.a. YIWU MAZOMA SPORT CO., LTD.);**

e. **BENGBU QIANGSHI SPORTS GOODS CO., LTD. (a.k.a. WUHU STRONG SPORTS GOODS CO., LTD.);**

f. **RIZHAO FANGBU FITNESS EQUIPMENT CO., LTD.; and**

g. **YIWU FEIDE SPORTS GOODS CO., LTD. (a.k.a. FDFIT INDUSTRIAL LIMITED)**

7. Each Defendant is believed to be engaged in the design, manufacture, importing, offering for sale, and/or selling of the **same or materially identical infringing product line** and to **act in active concert or participation** with the others in distributing such products for importation and sale in the United States, having jointly and severally infringed, and continue to infringe, **the '791 Patent.**

## III. JURISDICTION AND VENUE

8. This Court has **subject-matter jurisdiction** under **28 U.S.C. §§ 1331 and 1338(a)**, as this case arises under an Act of Congress relating to patents.

9. Defendants purposefully direct infringing products into, and within, the United States, including **Western District of Washington**, by (1) fulfilling Amazon FBA orders to U.S. addresses, (2) advertising and offering the infringing goods on **Amazon.com**—a platform



STEVEN LOJEK, PLAINTIFF, PRO SE FLEMINGTON, 08823 NJ 1-908-586-9397

headquartered in this District, and (3) expressly soliciting U.S. purchasers through global e-commerce platform **Alibaba.com** chats and confirmations of U.S. shipment (**Exhibits I-K; Sealed Version where applicable**).

10. Venue is proper under **28 U.S.C. § 1391 and § 1400(b)** because Defendants commit acts of infringement in this District and transact business through Amazon's facilities and infrastructure located in this District.

11. Defendants' conduct has caused injury to Plaintiff within this District, and this Court has authority to grant the relief sought herein, including injunctive and monetary relief under **35 U.S.C. §§ 283–284.**

## IV. PATENT-IN-SUIT AND TECHNOLOGY BACKGROUND

12. Plaintiff is the owner of U.S. Patent No. 9,468,791 B2, titled **"Selectorized Weight Stack Ejecting Pin"**.

13. The USPTO '791 Patent (1) was filed on February 12, 2014, (2) claims priority to U.S. Provisional Application No. 61/850,332 filed on February 14, 2013, (3) was duly and lawfully issued to **STEVEN LOJEK** on **October 18, 2016**, (4) is presumed valid under **35 U.S.C. § 282**, and (5) covers an innovative weight-stack selector pin device used in gym weight-machines

14. Claim 1 of the '791 Patent recites a weight-stack pin device comprising a pin shaft, a slidable body, a biasing means such as a spring, and a trigger latch with first and second extensions that maintain or release a loaded position (**Exhibits G-H; Sealed Version where applicable**). These structural features cooperate to provide a secure, reliable, and

easily operated selector pin for exercise equipment, solving long-standing problems of maintaining muscle activation while the user engages less weight during the exercise.

15. Plaintiff has commercially practiced the patented invention under the **Performance Pin® (USPTO Trademark Reg. No. 97791803)** brand through Amazon.com (**Exhibit L**), PerformancePin.com, and authorized distributors continuously since **2013**.

## V. FACTS

16. Defendants manufacture, import, and/or sell a hinge-style weight-stack selector pin device that embodies every element of at least Claim 1 of the '791 Patent, or their equivalents, and are substantially identical in size, structure, function, and operation to Plaintiff's patented design and **Performance Pin®** device, differing only in **non-functional or cosmetic details**.

17. On information and belief, the infringing product listed by **HENAN OCEAN POWER HOUSEWARES CO., LTD.** is produced from the **same or substantially identical** tooling and design utilized by the other Defendants. The Defendants that utilize the Alibaba platform all reference the same Alibaba listing as the product that is available for sale and distribution into the United States (**Exhibit K; Sealed Version**)

18. Plaintiff has identified the manufacturing source of the materially identical infringing product through business-registry records, USPTO registrations, and supplier communications. Defendants admit manufacturing and supplying the product to U.S. sellers. (**Exhibits B-F, K; Sealed Versions**).

19. The infringing ASINs have diverted sales from Plaintiff and caused loss of market share, particularly following the infringer's Amazon.com listing activation in May 2025.



STEVEN LOJEK, PLAINTIFF, PRO SE FLEMINGTON, 08823 NJ 1-908-586-9397

20. Defendants have willfully and deliberately continued infringing activities despite notice of Plaintiff's patent rights, including the participation of Defendant **HENAN DONGZHI VALUE TRADING CO., LTD.** in an **Amazon Patent Evaluation (APEX)** proceeding where the '791 Patent was provided to them. **(Exhibit M; Sealed Versions)**

21. Defendant **HENAN OCEAN POWER HOUSEWARES CO., LTD.** funded the APEX proceeding fees for **HENAN DONGZHI VALUE TRADING CO., LTD. (Exhibit K at 5; Sealed Version)**

22. The email address for **HENAN DONGZHI VALUE TRADING CO., LTD.** in the APEX proceedings is believed to belong to the same Executive Director and General Manager of **HENAN OCEAN POWER HOUSEWARES CO., LTD., ANDY SONG,** based upon:

  a. **HENAN OCEAN POWER HOUSEWARES CO., LTD** email contact **(Exhibit B; Sealed Version)**
  b. **HENAN OCEAN POWER HOUSEWARES CO., LTD.** QCC Report **(Exhibit D; Sealed Version)**
  c. **HENAN OCEAN POWER HOUSEWARES CO., LTD.** SGS Group Verification Report **(Exhibit E; Sealed Version)**
  d. **HENAN DONGZHI VALUE TRADING CO., LTD.** USPTO Trademark for "ANDYSONG" **(Exhibit F; Sealed Version)**
  e. **HENAN OCEAN POWER HOUSEWARES CO., LTD.** company contact information **(Exhibit K-1; Sealed Version)**



STEVEN LOJEK,
PLAINTIFF, PRO SE
FLEMINGTON, 08823 NJ 1-908-586-9397

f. **HENAN DONGZHI VALUE TRADING CO., LTD.** APEX seller's email contact (**Exhibit M; Sealed Version**)

23. Defendants' conduct arises from the same transaction, occurrence, or series thereof, and involves common questions of law and fact—specifically, infringement of the '791 Patent. Defendants offer materially identical designed products made by the same factory or coordinated group, as well as the use of the same marketing photos and packaging. Accordingly, joinder of these Defendants in one action is proper under **Fed. R. Civ. P. 20(a)(2)**.

24. On information and belief, **HENAN OCEAN POWER HOUSEWARES CO., LTD.**, the principal factory Defendant, has filed for a USPTO Utility Patent in May 2025, despite the validity of and infringement upon the '791 Patent (**Exhibits K-1, N; Sealed Versions**).

25. On information and belief, **HENAN OCEAN POWER HOUSEWARES CO., LTD.**, the principal factory Defendant, has filed for a USPTO Design Patent in May 2025, despite the materially identical design having been publicly disclosed and sold by an international entity, **AONE NUTRITION**, as early as May 13, 2021 via an Instagram post, as well as by **SOMMERFELD PERFORMANCE GMBH**, located in Leimen, Germany, as early as August 2, 2023 via an Instagram post (**Exhibits K-1, N-O; Sealed Versions where applicable**). On information and belief, these products have been continuously and currently commercially available by these two entities.

## VI. CAUSES OF ACTION

**COUNT I – DIRECT PATENT INFRINGEMENT (35 U.S.C. § 271(a))**



STEVEN LOJEK,
PLAINTIFF, PRO SE
FLEMINGTON, 08823 NJ 1-908-586-9397

26. Plaintiff realleges the foregoing paragraphs.

27. Defendants have directly infringed, literally and/or under the doctrine of equivalents, at least Claim 1 of the '791 Patent by making, importing, offering for sale, and/or selling the accused product within the United States.

28. The accused products practice each limitation of Claim 1, as shown in the claim comparison in (**Exhibits G-H; Sealed Version where applicable**).

29. Each Defendant has acted personally and/or through its agents, employees, distributors, resellers, and other persons **acting in concert or participation** with them. Accordingly, Defendants are **jointly and severally liable** for all acts of infringement alleged herein.

30. Plaintiff has suffered damages, including, but not limited to, lost sales, loss of market share, harm to goodwill, and/or at least a reasonable royalty, on all infringing sales as a result of Defendants' infringement and is entitled to compensation no less than a reasonable royalty or lost profits under **35 U.S.C. § 284**.

31. Defendants' ongoing infringing conduct has caused and will continue to cause **irreparable harm** to Plaintiff's exclusive patent rights, reputation, and competitive position unless **preliminarily and permanently enjoined** pursuant to **35 U.S.C. § 283**.

**COUNT II – WILLFUL PATENT INFRINGEMENT**

32. Plaintiff realleges the foregoing paragraphs.

33. Defendants had actual knowledge of the '791 Patent at least as early as their participation in an Amazon Patent Evaluation Express (APEX) proceeding and related correspondence in 2025 (**Exhibit K-1, M; Sealed Versions**), during which Plaintiff's patent and infringement contentions were provided to them. Despite that knowledge, Defendants



STEVEN LOJEK,
PLAINTIFF, PRO SE
FLEMINGTON, 08823 NJ 1-908-586-9397

continued to make, use, offer to sell, and/or import the accused products. Defendants' infringement has therefore been willful within the meaning of **35 U.S.C. § 284**.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff **STEVEN LOJEK** respectfully requests that the Court enter judgment in his favor and against all Defendants, jointly and severally, and grant the following relief:

1. A judgment that Defendants infringe the '791 Patent;
2. A preliminary and permanent injunction barring Defendants and all persons acting in active concert or participation with them—including any manufacturers, suppliers, distributors, resellers, or marketplace operators—be **permanently enjoined** from making, using, offering to sell, selling, or importing into the United States any product that infringes **the '791 Patent** or any **colorable imitation** thereof, pursuant to **35 U.S.C. § 283**;
3. An order requiring Defendants to deliver up for destruction all infringing products, tooling, molds, marketing materials, packaging, and inventory in their possession, custody, or control, including any inventory stored in fulfillment centers or held by third-party logistics providers such as **Amazon.com, Inc.;**
4. Damages adequate to compensate Plaintiff, no less than lost profits or a reasonable royalty, in an amount **not less than $50,000**, together with costs, expenses, pre- and post-judgment interest, and any other losses proven at trial;
5. All damages to be **jointly and severally assessed** against all Defendants and increased up to threefold based on Defendants' willful and deliberate infringement under **35 U.S.C. § 284**;



STEVEN LOJEK,
PLAINTIFF, PRO SE
FLEMINGTON, 08823 NJ 1-908-586-9397

6. Attorney fees, costs, and expenses incurred in connection with this action, pursuant to **35 U.S.C. § 285** and **Fed. R. Civ. P. 54(d)**, and that the Court declare this case **exceptional** within the meaning of **35 U.S.C. § 285**.;
7. Any further relief the Court deems just and proper.

**Respectfully submitted,**

**Date:** 12-03-2025

**By:** [signature]

**STEVEN LOJEK**
PLAINTIFF, PRO SE
FLEMINGTON, 08823 NJ, USA
EMAIL: LEGAL@PERFORMANCEPIN.COM
PHONE: +1-908-586-9397

# TABLE OF EXHIBITS – COMPLAINT

| Exhibit | Title / Description | Purpose / Reference in Complaint |
|---|---|---|
| A | U.S. Patent No. 9,468,791 B2 | True and Correct copy of issued patent titled "Selectorized Weight Stack Ejecting Pin." |
| B | Defendant Corporate Information and Contact Details | Defendant identifications, Unified Social Credit Codes (USCC), store/listing identifiers, addresses, contacts, emails, and phone numbers obtained from Amazon, Alibaba, third party verifications, USPTO, Qichacha reports, and SAMR records. |
| C | Screenshots of Business Certificates issued by the State Administration for Market Regulation (SAMR) | The business licenses of each defendant to confirm legal identity, verify registered business addresses, and connect corporate entities to associated online storefronts. |
| D | Screenshots and Reports from Qichacha (QCC) Registries | Qichacha (QCC) Registry reports to identify key entity ownership, verify physical addresses, and further confirm email contacts. |
| E | Third Party Verification of Identification for Alibaba Sellers | Screenshots of third party verification sources including Alibaba TrustPass Profile Onsite, SGS Group, and TÜV Rheinland. |
| F | USPTO Screenshots | USPTO registered trademarks for the brands of Amazon selling Defendants, establishing connection between the corporate entities and the online storefronts, Amazon brands, and listings. Further verifies email addresses for proper service of process. |
| G | Claim Chart Showing Infringement of Claim 1 of US 9,468,791 | Side-by-side cutaways of Plaintiff's and Defendants' products showing all claim elements. |
| H | Side-by-Side Comparison of Plaintiff's and Defendants' Products | Side-by-side of Plaintiff's and Defendants' products showing claim elements, product usage, and compatibility |



STEVEN LOJEK, PLAINTIFF, PRO SE FLEMINGTON, 08823 NJ 1-908-586-9397

| | | |
|---|---|---|
| **I** | List of Infringing Amazon and Alibaba Listings | Table of URLs and capture dates for all infringing listings. |
| **J** | Screenshots of Infringing Listings (Amazon and Alibaba) | Product offers for sale directed to U.S. customers. |
| **K** | Alibaba and Amazon Chat Communications | Confirms that defendants:<br>• Constitute factories that manufacture the product,<br>• Encourage selling of the product into Amazon.com,<br>• Use the same Alibaba listing as a representation of the product,<br>• Have email addresses that can be used for contact,<br>• Coordinated the Amazon Patent Evaluation Express (APEX) defense,<br>• Use similar packaging,<br>• Have filed for utility and design patents,<br>• Have coordinated a "purposeful direction" toward U.S. commerce. |
| **L** | Amazon Brand Registry Record for Performance Pin® | Screenshot showing Plaintiff's registered brand ownership. |
| **M** | Amazon Patent Evaluation Express (APEX) Correspondence | Emails confirming Defendants' email address and notice of the '791 Patent. |
| **N** | Screenshots of Defendants' Utility and Design Patent USPTO Applications | Probative images of admission to and the application receipts for Utility and Design Patent Applications. |
| **O** | Screenshots Supporting Public Disclosure of the Design Prior to Defendants' Design Patent Application | Proof that this design was publicly disclosed more than one year prior to the defendant's design patent application. |